UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA KLAUSNER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     -against-<br><br>ANNIE'S, INC.,<br><br>        Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br>20-CV-08467 (PMH) |

PHILIP M. HALPERN, United States District Judge:

  Jessica Klausner ("Plaintiff") brings this putative class action against Annie's, Inc. ("Defendant") for: (1) violations of §§ 349 and 350 of the New York General Business Law ("NYGBL"); (2) negligent misrepresentation; (3) breaches of express warranty, the implied warranty of merchantability, and the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; (4) fraud; and (5) unjust enrichment. Plaintiff alleges that Defendant's boxes of Bunny Fruit Snacks – Tropical Treat (the "Fruit Snacks")[1] contain "non-functional slack-fill" (i.e., unnecessary empty space),[2] and therefore mislead consumers as to the amount of Fruit Snacks contained therein. Plaintiff seeks monetary and statutory damages, injunctive relief, costs and expenses (including attorney's fees), and certification of a putative New York class.

BACKGROUND

 I. Factual Background

---

[1] Plaintiff, in her Amended Complaint, includes a picture of a box labeled "Bunny Fruit Snacks – Sour Bunnies Cherry, Lemon & Orange." (AC ¶ 38). Plaintiff, however, does not allege that she purchased this variety of Defendant's product; the allegations solely pertain to the Tropical Treat variety.

[2] In commercial packaging, including food packaging, "[s]lack-fill is the difference between the actual capacity of a container and the volume of product contained therein." 21 C.F.R. § 100.100(a).

Defendant "manufactures, packages, distributes, markets, labels and sells" the Fruit Snacks. (Doc. 14, "AC" ¶ 1). The Fruit Snacks are sold in "opaque cardboard" boxes that allegedly prevent consumers from confirming by sight or sound the number of Fruit Snacks contained therein. (*Id*. ¶ 12). Each box of Fruit Snacks measures four-and-a-half inches wide, one-and-a-half inches deep, and seven inches tall. (*Id*. ¶ 13). Each box's front label discloses that it contains five pouches of Fruit Snacks, with each individual pouch containing 0.8 ounces (twenty-three grams) of Fruit Snacks, for a total net weight of four ounces (115 grams) of Fruit Snacks per box. (*Id*. ¶¶ 15, 19). Plaintiff provided pictures of the front label of the box, which are reproduced below:





(*Id*. ¶¶ 13, 15).

Plaintiff purchased the Fruit Snacks "multiple times a year for the past three years" from several stores, including a ShopRite located in Monroe, New York. (*Id*. ¶ 69). Plaintiff alleges that the Fruit Snacks are sold at a "premium price" of "no less than $4.89" per thirty-two ounces. (*Id*. ¶ 57).

Plaintiff calculates that over sixty percent of each box of Fruit Snacks is comprised of empty space or "slack-fill," which serves no functional purpose. (*Id*. ¶¶ 11, 19, 38, 48). Despite information on the front label, Plaintiff insists that the amount of slack-fill in each box of Fruit Snacks renders the packaging misleading, because the size of each box makes it appear to consumers that they are buying more Fruit Snacks than they really are. (*Id*. ¶¶ 4, 50-51, 53, 55). Plaintiff alleges that had she "known the truth" about the amount of Fruit Snacks contained in each box, she "would not have bought the [Fruit Snacks] or would have paid less for them." (*Id*. ¶ 56).

II.  Procedural Background

Plaintiff filed her initial Complaint on October 11, 2020 (Doc. 1), and her Amended Complaint on March 11, 2021 (AC). Defendant filed a pre-motion letter regarding its anticipated motion to dismiss on April 1, 2021 (Doc. 15), Plaintiff filed her letter in opposition on April 8, 2021 (Doc. 16), and the Court held a pre-motion conference on March 19, 2021 (*see* Mar. 19, 2021 Min. Entry). The motion papers were filed on June 22, 2021. (Doc. 21; Doc. 22, "Def. Br."; Doc.

24, "Pl. Opp."; Doc. 25, "Def. Reply").³ On November 18, 2021, the Court granted Defendant's request for oral argument on its motion to dismiss, and scheduled oral argument for February 28, 2022 at 3:00 p.m. (Doc. 27).

For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss Plaintiff's Amended Complaint. In light of this decision, the oral argument scheduled for February 28, 2022 is canceled.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists." *Hettler v. Entergy Enters., Inc.*, 15 F. Supp. 3d 447, 450 (S.D.N.Y. 2014) (citing *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). When deciding a motion to dismiss under Rule 12(b)(1) at the pleadings stage, "the Court 'must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the

---

³ Defendant also filed a document entitled "Request for Judicial Notice in Support of Defendant's Motion to Dismiss First Amended Class Action Complaint." (Doc. 23). This document, invoking Federal Rule of Evidence 201(b)(2), asks the Court to take judicial notice of six exhibits. (Doc. 23-1). The Court may and does take judicial notice of Exhibits A through C, which are clearer images of the Fruit Snacks packaging that already appear in the body of the Amended Complaint itself. *See Tomasino v. Estee Lauder Cos., Inc.*, No. 13-CV-04692, 2015 WL 1470177, at *6 (E.D.N.Y. Mar. 31, 2015); *see also Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673 (E.D.N.Y. 2017) ("At the motion to dismiss stage, . . . courts may, on their own or at a party's request" take judicial notice of "materials—such as product labels and packaging— referenced numerous times in the complaint."). The Court may also take judicial notice of the news articles annexed as Exhibits D through F. *See Nelson*, 246 F. Supp. 3d at 673 (citing *Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009)). Notably, Plaintiff does not object to the Court taking notice of any of these exhibits. Notwithstanding the Court's ability to take judicial notice of these three exhibits, the Court declines to do so because they are "unhelpful in considering the present case," and therefore, the Court "did not rely on them." *Tomasino*, 2015 WL 1470177, at *6.

plaintiff's favor.'" *Id.* (quoting *Conyers*, 558 F.3d at 143); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 274 (S.D.N.Y. 2019).

When "the defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

A Rule 12(b)(6) motion, however, enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53

(2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

The Court does not write on a blank slate when it comes to so-called "slack-fill" cases. Over the past few years, several other courts in this District have dismissed nearly identical claims in cases where plaintiffs have alleged that non-functional slack-fill rendered a product's packaging misleading to consumers. *See, e.g.*, *Green v. SweetWorks Confections, LLC*, No. 18-CV-00902, 2019 WL 3958442 (S.D.N.Y. Aug. 21, 2019) (Sixlets candy); *Miao Xin Hu v. Iovate Health Scis. U.S.A. Inc.*, No. 17-CV-09427, 2018 WL 4954105 (S.D.N.Y. Oct. 12, 2018) (protein powder); *Daniel v. Tootsie Roll Indus., LLC*, No. 17-CV-07541, 2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018) (Junior Mints candy); *Alce v. Wise Foods, Inc.*, No. 17-CV-02402, 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) (potato chips); *Wurtzburger v. Kentucky Fried Chicken*, No. 16-CV-08186, 2017 WL 6416296 (S.D.N.Y. Dec. 13, 2017) (fried chicken); *Stewart v. Riviana Foods Inc.*, No. 16-CV-06157, 2017 WL 4045952 (S.D.N.Y. Sept. 11, 2017) (pasta); *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182 (S.D.N.Y. 2016) (protein powder); *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-04697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) (Sour Patch Watermelon candy). The Court finds those cases instructive here.

I.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

As a threshold matter, Plaintiff seeks to enjoin Defendant from engaging in ongoing illegal practices. (AC at 16 ¶¶ 2-3). Defendant, to the contrary, argues that Plaintiff lacks Article III

standing to seek such injunctive relief because Plaintiff has failed to plausibly allege a threat of future injury. (Def. Br. at 20-22). The Court agrees with Defendant.

First, Plaintiff alleges that she purchased the Fruit Snacks "multiple times a year for the past three years." (AC ¶ 69). Given her purchasing history, Plaintiff must be aware by now of the amount of slack-fill contained in a box of Fruit Snacks. Thus, "[h]aving learned that" a box of Fruit Snacks "contain[s] slack-fill, there is no likelihood that [Plaintiff] will subject [herself] to future injury by repurchasing" another box in the future. *Daniel*, 2018 WL 3650015, at *6; *see also Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 339 (E.D.N.Y. 2018) ("To the extent that plaintiff was deceived by defendants' products, he is now aware of the truth and will not be harmed again in the same way. He therefore lacks standing to seek an injunction."); *Alce*, 2018 WL 1737750, at *6 ("Consumers who were misled by deceptive food labels lack standing for injunctive relief because there is no danger that they will be misled in the future.").

Second, Plaintiff alleges that she "intends to, seeks to, and will purchase the [Fruit Snacks] again when she can do so with the assurance that the [Fruit Snacks] labels are consistent with the [Fruit Snacks] components." (AC ¶ 74). The Court interprets this conditional statement to mean that Plaintiff will only purchase the Fruit Snacks again if and when the allegedly misleading packaging is fixed. *See Gilleo, et al. v. The J.M. Smucker Co.*, No. 20-CV-02519, 2021 WL 4341056, at *4 (S.D.N.Y. Sept. 23, 2021). If the condition goes unfulfilled, i.e., Defendant does not alter the packaging, then Plaintiff simply will not purchase the Fruit Snacks again. *See id*. Of course, the logic continues, if the condition is fulfilled, i.e., Defendant alters the packaging so as not to be misleading in the manner Plaintiff purports, then Plaintiff would not be deceived by future purchases. *See id*.; *see also Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 395 (S.D.N.Y. 2021) (explaining that if plaintiff "does purchase the product again in the future, she

will not be harmed in a similar way, because . . . she will only purchase the product if the allegedly misleading representations of which she complains are fixed"). In either scenario, Plaintiff goes unharmed.

Accordingly, Defendant's motion to dismiss Plaintiff's request for injunctive relief on behalf of herself and a putative class is granted.

II.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

   A. New York General Business Law Sections 349 and 350

Plaintiff's first claim for relief is based on alleged violations of NYGBL §§ 349 and 350. (AC ¶¶ 84-90). "Section 349 prohibits '[d]eceptive acts or practices in the conduct of any business, trade or commerce,' whereas [§] 350 prohibits '[f]alse advertising in the conduct of any business, trade or commerce.'" *Wynn v. Topco Assocs., LLC*, No. 19-CV-11104, 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021) (quoting NYGBL §§ 349-50 (alterations in original)). "'The standard for recovery under . . . § 350, while specific to false advertising, is otherwise identical to [§] 349,' and therefore the Court will merge its analysis of the two claims." *Cosgrove v. Oregon Chai, Inc.*, No. 19-CV-10686, 2021 WL 706227, at *6 (S.D.N.Y. Feb. 21, 2021) (citation omitted).

"To state a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Gilleo*, 2021 WL 4341056, at *5 (quoting *Wynn*, 2021 WL 168541, at *2).

"The New York Court of Appeals has adopted an 'objective definition of 'misleading' under §§ 349 and 350, whereby the act or omission must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Alce*, 2018 WL 1737750, at *9 (quoting *Braynina v. TJX Cos.*, No. 15-CV-05897, 2016 WL 5374134, at *5 (S.D.N.Y. Sept. 26, 2016)).

8

"Therefore, sections 349 and 350 require more than a determination as to whether the slack-fill, standing alone, constitutes a misrepresentation. Rather, sections 349 and 350 require an additional finding that a reasonable consumer in like circumstances would consider the misrepresentation *material*." *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189-90 (E.D.N.Y. 2018) (emphasis in original).

"Generally, courts within this District have found that labels on packages that clearly indicate the product's weight prevent plaintiffs from succeeding on nonfunctional slack-fill claims." *Miao Xin Hu*, 2018 WL 4954105, at *2; *see also Daniel*, 2018 WL 3650015, at *11-12 (dismissing nonfunctional slack-fill NYGBL claims because "[w]e can easily conclude, as a matter of law, that the slack-fill enclosed in the Products would not mislead a reasonable consumer, as the Product boxes provide more than adequate information for a consumer to determine the amount of Product contained therein"); *Alce*, 2018 WL 1737750, at *10 (dismissing nonfunctional slack-fill NYGBL claims because "the weight of the chips enclosed is prominently displayed on the front of each Product, in large sized font, in a color differentiated from the package background, and there is no allegation that the full weight represented is not actually in the bag"). Moreover, "'[s]everal courts, including a district court within the Second Circuit, have held that reasonable consumers would not be misled by non-functional slack-fill as a matter of law where the products clearly disclosed accurate net weight and/or the total product count.'" *Miao Xin Hu*, 2018 WL 4954105, at *3 (quoting *Daniel*, 287 F. Supp. 3d 177, 190).

Here, the front label of the Fruit Snacks box "discloses, in large, color-differentiated font, the actual amount of" Fruit Snacks in each box. *Id.*; *see also* (AC ¶¶ 13, 15, 19). Plaintiff does not allege that this information is inaccurate. That is to say, Plaintiff does not allege that any of the boxes of Fruit Snacks she purchased over the past three years contained less than a total net weight

of four ounces of Fruit Snacks. "Given the prominence of this information, the Court finds, as a matter of law, that the allegedly nonfunctional slack-fill would not mislead a reasonable consumer acting reasonably under the circumstances." *Miao Xin Hu*, 2018 WL 4954105, at *3; *see also Daniel*, 2018 WL 3650015, at *14 ("[G]iven the prominence with which the Products' weight appears on the front of the package, . . . we conclude as a matter of law that no reasonable consumer would be misled by the presence of slack-fill, even assuming it were non-functional, in the Products' packaging.").

Because Plaintiff has failed to sufficiently plead that the Fruit Snacks' packaging is "materially misleading," Plaintiff's claims under NYGBL §§ 349 and 350 are dismissed.[4]

### III. Plaintiff's Remaining Claims

Plaintiff's remaining claims—negligent misrepresentation; breaches of express warranty, the implied warranty of merchantability, and the Magnuson Moss Warranty Act; fraud; and unjust enrichment—are based on Plaintiff's allegations that the Fruit Snacks' packaging is "materially misleading," as detailed above in the context of Plaintiff's NYGBL claims. Because the Court has already determined that Plaintiff has failed to allege that the Fruit Snacks' packaging would be likely to deceive or mislead a reasonable consumer, these claims for relief are also dismissed for the reasons already stated. *See Gilleo*, 2021 WL 4341056, at *7; *see also Wynn*, 2021 WL 168541, at *6 ("Plaintiffs also assert claims for negligent misrepresentation, breach of warranty, fraud, and unjust enrichment. These claims, which largely hinge on the same theory of misleading business practices rejected by the Court above, all fail as a matter of law."). The Court, however, will briefly detail the additional ways in which these claims fail as a matter of law.

---

[4] Because the Court has concluded that, as a matter of law, no reasonable consumer would be materially misled by the Fruit Snacks' packaging, the Court need not and does not consider Defendant's separate arguments that Plaintiff has failed to plausibly allege: (1) a cognizable injury; and (2) that the slack-fill is nonfunctional. (*See* Def. Br. at 14-20).

A. <u>Negligent Misrepresentation</u>

"To state a claim for negligent misrepresentation under New York law, a plaintiff must plead '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.'" *Wynn*, 2021 WL 168541, at *6 (quoting *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1109 (N.Y. 2011)).

Defendant argues that Plaintiff's negligent misrepresentation claim fails because no special relationship existed between the parties. (Def. Br. at 24; Def. Reply at 6). "The existence of a special relationship between parties depends on: 'whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose.'" *Bautista*, 223 F. Supp. 3d 182, 192-93 (S.D.N.Y. 2016) (quoting *Suez Equity Inv'rs, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 103 (2d Cir. 2001)).

Here, "[t]he transactions alleged are insufficient to establish a special relationship for purposes of a negligent representation claim." *Id*. at 193; *see also Izquierdo*, 2016 WL 6459832, at *8 ("[T]he vast majority of arms-length commercial transactions, which are comprised of 'casual statements and contacts,' will not give rise to negligent misrepresentation claims." (quoting *Kimmell v. Schaefer*, 675 N.E.2d 450, 454 (N.Y. 1996))); *id*. at *9 ("[A] basic commercial transaction does not give rise to a special relationship."); *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-03826, 2015 WL 5579872, at * 23-25 (E.D.N.Y. Sept. 22, 2015) (concluding that no "special relationship" exists between the manufacturer of allegedly misbranded product and consumer); *Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280, 293 (W.D.N.Y.

2014) (explaining that a "special relationship" requires a closer degree of trust than an ordinary buyer and seller). Indeed, the relationship between Plaintiff and Defendant "appears to be even more attenuated than a run-of-the-mill, arms-length commercial transaction because" Plaintiff did not purchase the Fruit Snacks directly from Defendant—she purchased them from "stores including ShopRite." *Izquierdo*, 2016 WL 6459832, at *9; *see also* (AC ¶ 69).

Accordingly, and for this additional reason, Plaintiff's negligent misrepresentation claim is dismissed.

> B. <u>Breaches of Express Warranty, Implied Warranty of Merchantability, and the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*</u>

"An express warranty is an 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795, 806 (S.D.N.Y. 2021) (quoting N.Y. U.C.C. § 2-313(1)(a)). "To adequately state a claim for breach of an express warranty, Plaintiff[] must plead '(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach.'" *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 249 (S.D.N.Y. 2021) (quoting *Wynn*, 2021 WL 168541, at *7). "[T]he Court notes that under New York law, privity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014).

"A breach of the implied warranty of merchantability occurs when the product at issue is 'unfit for the ordinary purposes for which such goods are used.'" *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 167 (S.D.N.Y. 2021) (quoting U.C.C. § 2-314(c)). As with express warranty claims, New York "'law is clear that, absent any privity of contract between

Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained as a matter of law except to recover for personal injuries.'" *Zottola v. Eisai Inc.*, No. 20-CV-02600, 2021 WL 4460563, at *7 (S.D.N.Y. Sept. 29, 2021) (quoting *Gould v. Helen of Troy Ltd.*, 16-CV-02033, 2017 WL 1319810, at *5 (S.D.N.Y. Mar. 30, 2017)). "That is to say, 'New York courts continue to require privity between a plaintiff and defendant with respect to claims for breach of implied warranties of merchantability and fitness for a particular purpose where the only loss alleged is economic.'" *Id*. (quoting *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 556-57 (S.D.N.Y. 2016)).

Here, Plaintiff alleges that she purchased the Fruit Snacks "multiple times a year for at least the past three years" from "stores including ShopRite." (AC ¶ 69). But Plaintiff does not allege that she purchased the Fruit Snacks directly from Defendant. Nor has Plaintiff pled personal injury—her alleged injury is, instead, purely economic. (*Id*. ¶¶ 54, 56, 73). Therefore, both Plaintiff's express and implied warranty claims fail for lack of privity. *See Zottola*, 2021 WL 4460563, at *7 (dismissing breach of implied warranty claim for lack of privity); *Gilleo*, 2021 WL 4341056, at *8 n.6 (dismissing breach of implied warranty claim for lack of privity); *Koenig*, 995 F. Supp. 2d at 290 (dismissing breach of express warranty claim for lack of privity); *Ebin v. Kangadis Food Inc.*, No. 13-CV-02311, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) (dismissing breach of express warranty claim for lack of privity).[5]

Accordingly, because there is no privity, Plaintiff's claims for breach of express warranty and the implied warranty of merchantability are dismissed for this reason as well.[6]

---

[5] Because the Court has concluded that Plaintiff's express and implied warranty claims fail for lack of privity, the Court need not and does not address Defendant's additional arguments in support of dismissal of those claims for relief.

[6] Plaintiff also brings a claim under the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* (AC ¶¶ 99-108). Plaintiff's "claim brought under the Magnuson Moss Warranty Act is dismissed because Plaintiff[]

13

C. <u>Fraud</u>

"Under New York law, stating a claim for fraud requires alleging (1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Wynn*, 2021 WL 168541, at *7 (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)). Claims of fraud must be pled "'with particularity,'" *B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 481 (S.D.N.Y. 2010) (quoting Fed. R. Civ. P. 9(b)), and thus a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent," *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004) (internal quotation marks omitted). Put differently, a plaintiff must identify "the who, what, when, where, and how: the first paragraph of any newspaper story." *Silvester v. Selene Fin., LP*, No. 18-CV-02425, 2021 WL 861080, at *2 (S.D.N.Y. Mar. 8, 2021) (quoting *Backus v. U3 Advisors, Inc.*, No. 16-CV-08990, 2017 WL 3600430, at *9 (S.D.N.Y. Aug. 18, 2017)). "Rule 9(b) also requires plaintiffs to 'allege facts that give rise to a strong inference of fraudulent intent.'" *Twohig*, 519 F. Supp. 3d at 166 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)).

Because, as explained above, "Plaintiff has not alleged facts sufficient to support plausibly an inference that the [Fruit Snacks'] packaging was materially misleading as to the quantity of [Fruit Snacks] in the box she purchased and, given the content disclosures on the box, she cannot

---

ha[s] not adequately ple[d] a cause of action for breach of written or implied warranty." *Twohig*, 519 F. Supp. 3d at 167; *see also Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) ("To state a claim under the [Magnuson Moss Warranty Act], plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law.").

establish that she reasonably relied on any quantity impression derived solely from the size of the box." *Green*, 2019 WL 3958442, at *7. Therefore, Plaintiff's "common law fraud claim must also be dismissed for failure to state a claim upon which relief may be granted." *Id*.; *see also Daniel*, 2018 WL 3650015, at *15 (dismissing fraud claim "[f]or essentially the same reasons" that court dismissed NYGBL claims); *Daniel*, 287 F. Supp. 3d at 199 (same).

   D.  Unjust Enrichment

"To state a claim for unjust enrichment under New York law, a plaintiff must allege that '(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) . . . it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff.'" *Koenig*, 995 F. Supp. 2d at 290 (quoting *Baron v. Pfizer, Inc.*, 840 N.Y.S.2d 445, 448 (App. Div. 2007)). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Nor is it "a catchall cause of action to be used when others fail." *Id*.

Here, Plaintiff's theory of unjust enrichment is that Defendant enriched itself by misrepresenting the amount of Fruit Snacks contained in each package (AC ¶ 114), which is duplicative of Plaintiff's "core theory of deception, and 'if [Plaintiff's] other claims are defective, an unjust enrichment claim cannot remedy the defects.'" *Barreto*, 518 F. Supp. 3d at 809 (quoting *Corsello*, 967 N.E.2d at 1185). Therefore, Plaintiff's unjust enrichment clam is dismissed. *See Alce*, 2018 WL 1737750, at *12 (dismissing unjust enrichment claim as duplicative of NYGBL §§ 349, 350, and 350-a slack-fill claim); *see also Bautista*, 223 F. Supp. 3d at 193-94 (dismissing unjust enrichment claim as duplicative of NYGBL § 349 slack-fill claim); *Izquierdo*, 2016 WL 6459832, at *9-10 (same).

Accordingly, Plaintiff's unjust enrichment claim is dismissed.[7]

IV. <u>Leave to Amend</u>

Plaintiff, at the conclusion of her opposition brief, devotes one sentence to a request for leave to file a Second Amended Complaint. (Pl. Opp. at 17). "'Plaintiff's request to amend, contained solely in [her] opposition memorandum, is procedurally defective since a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading is improper under Fed. R. Civ. P. 15.'" *Zottola*, 2021 WL 4460563, at *11 (quoting *Oden v. Boston Sci. Corp.*, 330 F. Supp. 3d 877, 904 n.4 (E.D.N.Y. 2018)). The nature of Plaintiff's request is especially improper where, as here, Plaintiff has already had an opportunity to amend her pleading. As noted above, Plaintiff's common law claims are dismissed, along with her NYGBL claims, due to Plaintiff's failure to allege that the Fruit Snacks' packaging was "materially misleading" and for the additional reasons set forth herein. Accordingly, "a busy district court need not allow itself to be imposed upon by the presentation of [Plaintiff's] theories" for a third time. *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 258 (2d Cir. 2018).

"The Second Circuit has indicated that 'when a plaintiff does not advise the district court how the complaint's defects would be cured . . . it is not an abuse of discretion to implicitly deny

---

[7] Plaintiff argues that her unjust enrichment claim is permitted by Federal Rule of Civil Procedure 8(d)(3), which provides that "a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency." (Pl. Opp. at 16 (quoting *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994)). "While parties are . . . permitted to plead inconsistent claims" under Rule 8(d)(3), Plaintiff's argument nevertheless fails to revive her unjust enrichment claim, as the Court concludes that such claim is "unnecessary and duplicative" of her tort claims. *In re Novartis & Par Antitrust Litig.*, No. 18-CV-11835, 2019 WL 3841711, at *7 (S.D.N.Y. Aug. 15, 2019) (dismissing unjust enrichment claim, despite plaintiffs' argument that it should be permitted in the alternative under Rule 8(d)(3), because such claim was duplicative of plaintiffs' statutory claims). Plaintiff's unjust enrichment claim is not a substitute for defective statutory and common law claims. *See, e.g.*, *Koenig*, 995 F. Supp. 2d at 291 (holding that "to the extent that [p]laintiffs' other claims succeed, the unjust enrichment claim is duplicative, and if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects" (internal quotation marks omitted)); *Hua Xue v. Jensen*, No. 19-CV-01761, 2020 WL 6825676, at *13 (S.D.N.Y. Nov. 19, 2020) (holding that "an unjust enrichment claim is not a substitute for [plaintiff's] failure to properly plead her fraud claims").

16

leave to amend.'" *Zottola*, 2021 WL 4460563, at *12 (quoting *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018)). "In particular, where, as here, Plaintiff 'requested leave to amend in a cursory manner without any explanation for how [she] would be able to cure the [Amended Complaint's] defects,' the Court may simply deny leave to amend by dismissing the offending Complaint with prejudice." *Id.* (quoting *Altayar*, 731 F. App'x at 38 n.4).

In light of the foregoing, the Court denies Plaintiff's request for leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's Amended Complaint with prejudice. In light of this decision, the oral argument previously scheduled for February 28, 2022 at 3:00 p.m. is hereby canceled.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 21 and close this case.

Dated: White Plains, New York
       January 24, 2022

SO ORDERED:

_____
Philip M. Halpern
United States District Judge